UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CIVIL ACTION NO. 20-105-DLB

ROBERT A. MIDDLEBROOK                                             PETITIONER

v.                         **MEMORANDUM OPINION AND ORDER**

FRANCISCO J. QUINTANA                                             RESPONDENT

*** *** *** ***

Petitioner Robert A. Middlebrook is a federal prisoner currently confined at the Federal Medical Center ("FMC") Lexington located in Lexington, Kentucky. Proceeding without an attorney, Middlebrook has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1] (Doc. # 1). However, Middlebrook's Petition was not filed on a form approved for use by this Court as required by Local Rule 5.3. In addition, Middlebrook did not pay the $5.00 filing fee as required by 28 U.S.C. § 1914, nor did he file a motion for leave to proceed *in forma pauperis*.

Thus, on March 23, 2020, the Court entered an Order directing the Clerk of the Court to provide Middlebrook with the necessary forms so that he could re-file his Petition in compliance with the Court's Local Rules. (Doc. # 7). The Court specifically warned Middlebrook that if he failed to complete and file the required forms within 30 days, his Petition would be denied without prejudice. *Id*. at 2.

---

[1] Middlebrook originally filed his Petition (Doc. # 1) in the United States District Court for the Western District of Pennsylvania, and the Petition was then transferred to this District. (Docs. # 2 and 4).

1

More than 30 days have now passed since the entry of the Court's Order, and Middlebrook has failed to comply with the Order's requirements.  While Middlebrook did re-file his Petition on the required form, *see* (Doc. # 9), after the deadline for doing so had expired, Middlebrook has neither paid the required $5.00 filing fee, nor has he filed a motion for leave to proceed *in forma pauperis*.  Thus, dismissal of Middlebrook's Petition without prejudice for failure to prosecute and failure to comply with an order of the Court is warranted.

Even so, because Middlebrook's Petition fails on substantive grounds, the Court will deny his Petition for failure to establish a right to habeas relief.[2]  According to his Petition, Middlebrook was convicted in May 2016 of sex trafficking of a minor in the United States District Court for the Western District of Pennsylvania and sentenced to a term of imprisonment of 120 months.  (Doc. # 9 at 2).  In his Petition, he seeks relief under the "Second Chance Act," 18 U.S.C. § 3624, requesting that this Court recommend that he be given placement in an "RRC [residential reentry center] halfway house" for 12 months.  *Id*. at 4–5.

However, under the current version of 18 U.S.C. § 3624(c), as amended by the Second Chance Act of 2007, the Bureau of Prisons ("BOP") is authorized to *consider* placing an inmate in a community correctional facility for up to twelve months, but a

---

[2]    Petitions filed under § 2241 are subject to initial screening by the Court as required by 28 U.S.C. § 2243.  *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  A petition will be denied "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the RULES GOVERNING § 2254 CASES IN THE UNITED STATES DISTRICT COURTS (applicable to § 2241 petitions pursuant to Rule 1(b)); *see also Alexander*, 419 F. App'x at 545 (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to habeas corpus petitions).

prisoner is not automatically entitled, or guaranteed, such placement for any minimum amount of time. 18 U.S.C. § 3624(c); *see Heard v. Quintana*, 184 F. Supp. 3d 515, 520 (E.D. Ky. 2016); *see also Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009); *Boals v. Quintana*, No. 5:15-cv-335-JMH, 2015 WL 8665404, at *2 (E.D. Ky. Dec. 11, 2015). Rather, "the decision to place an inmate in pre-release community confinement and/or home confinement is discretionary and will be 'determined on an individual basis' according to the factors in 18 U.S.C. § 3621(b)." *Boals*, 2015 WL 8665404 at *2 (citing *McIntosh v. Hickey*, No. 5:10-cv-126-JMH, 2010 WL 1959308, at *3 (E.D. Ky. May 17, 2010)).

Moreover, the BOP's placement decisions, including determinations regarding halfway house and residential reentry center ("RRC") placement, are expressly insulated from judicial review, as the provisions of the Administrative Procedures Act ("APA") do not apply to such decisions. 18 U.S.C. § 3625 ("The provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter."); *see Woodard v. Quintana*, No. 5:15-cv-307-KKC, 2015 WL 7185478, at *5–6 (E.D. Ky. Nov. 13, 2015).

For the reasons stated herein, Middlebrook fails to establish a right to habeas relief and his Petition will be denied.

Accordingly, **IT IS ORDERED** as follows:

(1)  Middlebrook's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. # 9) is **DENIED;**

(2)  This matter is **STRICKEN** from the Court's docket; and

(3)  **Judgment** shall be entered contemporaneously herewith.

This 28th day of May, 2020.



Signed By:
*David L. Bunning*
United States District Judge

J:\DATA\ORDERS\PSO Orders\Middlebrook 20-105 Order Denying 2241.docx